CabutheRS, J.,
delivered the opinion of the Court.
The complainants are the children of Abigail Louisa Hobbs, and as such, claim to he entitled in remainder, to the slaves in controversy under the will of their grandfather, Ezekiel McCoy, made in 1888. The mother and father of complainants took possession under this will, and enjoyed the life estate; and in 1843, the mother died. The father, about that time, sold the slaves to the elder Ballard, the complainants being all then under age; the eldest arrived at age in 1845. The said Ballard held possession under his purchase till 1847, when he died, and the slaves passed under his will to the defendants, against whom this bill was filed in 1855. The defense relied upon, is the statute of limitations.
Ballard, the purchaser, was certainly guilty 'of conversion, for which a cause of action accrued at the date of his purchase, to the complainants, but as none of them were then of age, they would not, any of them, be barred, on the principle of the case of Shute vs. Wade, until the youngest attained his majority, which *405 period Las not yet arrived, and consequently, if there was nothing more, the statute ' would - not he in their way. Rut in 1847, when the elder Ballard died, and the defendant obtained the posséssion, and claimed the slaves as their own, one or more of the remainder men was of age, and the question arises, whether this was not a new conversion, upon which the statute would run against all, upon the doctrine of the . same case. The possession of successive wrong-doers cannot be connected fori any purpose. Each possession is a distinct and independent wrong, for which an action may be brought against either. The state of things existing at the time of the tort for which the suit was instituted, must control the case. The conversion of these defendants occurred in 1847, and on this, the suit against them is based. At that time one or more of the complainants, as we have said, was -of lawful age, and the suit was not commenced in six years from that time.
If it be a case in which they could have waived this tort, and brought. an action of debt, and had actually done so, still the time is sufficient to create the bar to that action, being more than six years.
But it is argued that they may elect to regard the conversion of the elder Ballard, when they were all infants, as creating a debt, by waiving the tort,- and all being then under age, his executor would be subject to the action of debt until all arrived at lawful age. • To this there are several sufficient answers. They have not chosen to take that course, but have sued for the slaves themselves, this being a mere detinue bill, and not for the value. Mart. & Yerg., 860; and if they had, they have not sued within two years from the qualification *406 of the executor, as required by the act of 1789; and even if they did not fail under that act, it is difficult to. see how they could avoid the 9th sec. of the act of 1715, barring all creditors, without any saving, in “ seven years after the death of any debtor,” as the death was more than that time before this suit. Mart. & Yerg., 360.
The decree of the Chancellor dismissing the bill, was right, and will be affirmed.